Please call the next case. Counsel, please. May it please the court. My name is Jason Esmond. I'm here on behalf of the plaintiff appellant, Iva Stone. The issue presented in this matter is whether the appellant suffered an injury which rose out of and in the course of her employment, and whether appellant's condition of well-being was causally related to that injury. Based on the evidence of record, it's clear that the commission's decision was against the manifest way to the evidence. It's the only issue in the case, right? Yes, that is it. Whether or not the commission's decision was against the manifest way. Yes. And so why is an opposite conclusion clearly apparent? Well, the commission relied in part on the opinion of defendant's examining physician, Dr. Weiss. And Dr. Weiss based his opinion on an incorrect understanding of the plaintiff's work activity. Dr. Weiss was operating under the assumption that the plaintiff would operate the foot pedals at her employer by resting her heel on the ground and then depressing the pedal by twisting her ankle and using her ankle to depress the pedal. He analogized that activity to pressing a gas pedal, and noted that there's a very big difference between pressing a gas pedal and stomping on a brake pedal, noting that the stomping on a brake pedal would require the lifting of the leg and a force on the knee. Dr. Weiss went on to clarify that if enough force was applied to the pedal to break the glass underneath it, that he would change his opinion and find that a causal connection between the appellant's work activity and her injury could be found. All right. So Coe is your expert, right? Yes. Weren't there also some problems? Isn't Coe's testimony and opinion subject to the same problems? Wasn't there some finding by the arbitrator that Coe also did not know how much force it took to operate the pedal? He did not know how many hours the claimant worked. He did not also observe any of the claimant's work duties. Isn't it subject to the same deficiencies, arguably, as Weiss' testimony? It's similar in that neither one of them knew the exact force that was required or knew how many times she did it. Dr. Coe was operating instead on the assumption that she was lifting her leg and pushing down on the pedal, instead of Dr. Weiss' assumption that she was resting her heel on the ground. All right. Who's Dr. Nigrum? Dr. Nigrum was a treating physician. Did he ever opine that the injury was causally connected to her work? He did not. He did not make an opinion one way or the other regarding whether it was related to her work activities. I appreciate your candor. So you've got he doesn't opine either way. You've got Coe on one side, you've got Weiss on the other. The commission believes Weiss. Where does that leave you? Well, it leaves us as because the commission was relying on Dr. Weiss' opinion and because Dr. Weiss' opinion was clearly based on an assumption regarding her work activity that was incorrect. As was Coe's. I wouldn't say his opinion regarding her work activity was incorrect, just that he didn't have additional information. He was still operating under the assumption of what she was actually doing. He just didn't have the exact amount of force or the amount of time she was doing it. But he understood what, particularly what motions she was making, what the mechanics of her activity were in regarding to stomping on the pedals. All right. How do you reconcile, this is maybe a more difficult question, and I'm not trying to go up the ladder with you of what you're going to have to see, but you've got allegedly deficiencies with Coe, you've got deficiencies with Weiss, and then you come down to the final ultimate overarching question, who bears the burden of mustering evidence to establish the validity of the claim? That would be the plaintiff. I believe that her testimony, along with the testimony of the witness called by the defendant, was sufficient to show that she was using force to stomp on this pedal. At trial, the defendant's witness, Mr. Wyatt, had testified that the welding pedal used most often by the plaintiff was approximately four and a half inches off the ground, affirming that she was not resting her heel on the ground. She couldn't have rested her heel and pressed that pedal as it was that high off the ground. He also indicated that while it was his opinion that minimal force was required to press the pedal, she could have used as much or as little force as she needed to press it and that she could have used enough force to break the glass underneath the pedal. There was no testimony that she wasn't doing the activity in a forceful manner, only that in his opinion she didn't have to. The plaintiff testified herself that in order to activate the welding machines, in order to get the tips to ignite, that she had to actually lunge forward and forcefully put her weight into the pedal, and it would slam into the concrete floor, making a loud banging noise. And it was her testimony that without doing that, that the tips wouldn't ignite and the machine wouldn't work. So despite this, the commission noted that Dr. Weiss's opinion in that the plaintiff was using the machine with her heel on the ground. So they're relying on this opinion that with the plaintiff's testimony and with the defendant's witness testimony, that was clearly not the activity that she was performing. At the very least, with her lifting up and putting that pedal down, even though she was using relatively little force, she was doing that activity three to four hundred times a day, four to five days a week for four and a half years. And she had no problems with her knees prior to this work activity and developed problems only in her right knee, which was the knee that she was using to press that pedal following her years of doing this activity. She continued to have no problems with her left knee, and there's no evidence that there was any other cause of her injury. Thank you. Thank you, counsel. Counsel, please. Good afternoon. Brad Elward on behalf of Austin Western. When I look at my opponent's brief and the arguments that they're making, to me the crux of what they're saying is, what do we make of Dr. Weiss's testimony about and his reference to the breaking of the glass? And I think that goes to the question of, as this Court pointed out, how much force was used. We've got testimony from the petitioner that says that she calls it a stomp. We've got testimony from Mr. Wyatt who says, I've used these machines and it's minimal amount of force. And he says that over and over and over. And in that situation, we look and see what did the arbitrator and what did the commission do? When we look at the last page of their decision, we see specifically they addressed the issue of force. They say, The arbitrator has considered the petitioner's statement she was required to stomp on a foot pedal, which is contradicted by one of the photographs. And then he goes on and talks about Mr. Wyatt's testimony. So clearly, the arbitrator who witnessed the testimony at arbitration and the commission made a decision, how much force based on the record that we have do we think was used? And they chose not to adopt the petitioner's perspective and they chose to go with Mr. Wyatt's and what was supported by the videotapes. Now, as the Court pointed out, Dr. Weiss had only what the petitioner told him. Dr. Koh had only what the petitioner told him. And so we ask ourselves, well, are both of those opinions flawed in that situation? And I would say this in response. When we look at those opinions, which one is most consistent with the evidence that was presented? Here we have Dr. Weiss's opinion, which is consistent with what was demonstrated on the DVD. And the DVD showed the petitioner's work duties and that was viewed by the arbitrator and the commission and they relied upon it. And they said based upon the activities that we see, we don't find anything other than minimal force. I think that's very critical. I think that really resolves the case. Now, just a couple of loose ends. I agree that this is a failure of proof case. I think this is a case where there was a lack of demonstration by the petitioner of the actual force used to allow Dr. Koh to make any type of an opinion. And so the commission had to view what evidence it did have available and it made the only determination that it could in this case. Now, this is one of those situations that the Court often sees on manifest. You've got one person saying yes, one person saying no. You've got opinions that contradict each other. And as this Court knows, the commission has to resolve that and decide which one it's going to go by. I would even go as far as to say this. If we would have lost this case at arbitration and lost this case before the commission, I would have difficulty arguing this as a reversal on appeal because the evidence in this case is on both sides. Somebody had to be resolved in somebody's favor. And the question that we have looking at on review is were the reasons given by the commission in resolving that issue, were those supported by the record and they are? And we pointed those out in our briefs. Thank you. New article, please. Shortly, I would only argue that while the defendant's witness testified that there was only minimum force required to complete the, you know, to activate the machine, he didn't indicate whether or not the plaintiff was actually using more force than was required. Even if the force only required a minimum amount, the plaintiff testified that she forcefully pushed on the pedal. And even if not, she was doing that activity that even required minimum force three to four hundred times a day, every day for a week. I would argue that it's not really a matter of Dr. Coe's and Dr. Weiss's opinions being in conflict with each other. It's more that Dr. Coe's may have had an incomplete set of facts when he was making his opinion, but Dr. Weiss actually had an incorrect set of facts. He was operating under the complete wrong assumption of what the plaintiff was doing, whereas Dr. Coe maybe just didn't know the specific details and maybe was missing some details regarding what she was doing, but had a better understanding of the activity that she was performing that led to her knee problems. Thank you, counsel. Of course, we'll take the matter under advisement for this position.